UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE BERNIER,<br><br>                Plaintiff,<br><br>                v.<br><br>CAROLYN COLVIN, ACTING<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                Defendant. | CIVIL ACTION<br><br>NO. 4:13-CV-40148-TSH |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
### (Docket No. 12)

**October 15, 2015**

**HILLMAN, D.J.**

Wayne Bernier (Plaintiff) brought this suit against Carolyn Colvin, Acting Commissioner of Social Security (Defendant), pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security. On August 17, 2012, an administrative law judge (ALJ) issued a decision denying Plaintiff's claim for disability benefits. Plaintiff requested review of this decision. On September 6, 2013, the Appeals Council mailed Plaintiff and his representative each a copy of its notice of denial of Plaintiff's request for review of the ALJ's decision. The Appeals Council included with this notice information regarding Plaintiff's right to commence a civil action within sixty days from the date of receipt of the notice. The parties agree that, pursuant to this timeline, Plaintiff's civil action was due to be filed on or before November 11, 2013.

On November 8, 2013, Plaintiff's counsel wrote to the Appeals Council and requested a thirty-day extension of the time to file a civil action.  Nothing in the filings submitted to this Court suggest that Plaintiff's requested was granted.  On December 16, 2013, Plaintiff filed a complaint with this Court requesting review of the final decision of the Commissioner of Social Security.  On September 30, 2014, Defendant moved to dismiss on the ground that Plaintiff's complaint was untimely.

42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (emphasis added.)  As noted above, there is nothing in this record to suggest that the Appeals Council granted Plaintiff's request for an extension of this sixty-day period.  Plaintiff's complaint was, therefore, untimely.

For these reasons, Defendant's motion to dismiss (Docket No. 12) is ***granted***, and Plaintiff's complaint is hereby dismissed.


**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**